**Gerald George SMITH, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 81–1262.**

Supreme Court of Minnesota.

May 21, 1982.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Barbara D. Gill, Sp. Asst. Attys. Gen., St. Paul, Raymond O. Walz, County Atty., Redwood Falls, for respondent.

SCOTT, Justice.

This is a petition for postconviction relief by Gerald George Smith from his 1970 conviction for third-degree murder for the 1969 unintentional murder of his wife during the commission of an aggravated assault upon her. The conviction was affirmed on appeal from judgment of conviction in *State v. Smith*, 295 Minn. 65, 203 N.W.2d 348 (1972). One of the issues decided in the state's favor on that appeal was the issue of the sufficiency of the evidence to establish beyond a reasonable doubt that the assault caused the wife's death. Petitioner, who was released from prison in 1974 and was discharged from his sentence in 1977, brought this petition for postconviction relief on the ground that he was denied a fair trial on the issue of causation because an autopsy report, which he alleges contradicted the testimony of the state's pathologist, was not admitted into evidence at his trial. Our examination of the record reveals that defense counsel did not offer the report in evidence. However, the jury was sufficiently aware of that part of the report that petitioner contends impeached the testimony of the state's pathologist on the issue of causation because defense counsel cross-examined the pathologist using the report. The report was not offered by the petitioner and therefore the trial court committed no error with respect to the report. Petitioner's request for outright reversal and a reduction of his conviction to one for assault with a dangerous weapon, rather than for a new trial, suggests that petitioner's real contention is that the evidence on the issue of causation was legally insufficient. We decided that issue in 1972 and see no need for reevaluating the decision now.

Affirmed.